UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

WYLIE SITTMAN,

    Plaintiff

v.

THE VAIL CORPORATION DBA VAIL ASSOCIATES INC. MEDICAL PROGRAM GROUP BENEFIT PLAN,

    Defendant.

No.

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS

Plaintiff, Wylie Sittman, through his attorneys, alleges:

1.     This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to: approval of benefits for

COMPLAINT
Case No.:

Kantor & Kantor, LLP
19839 Nordhoff Street, Northridge, CA 91324
(818) 886-2525

the myoelectric prosthesis or reimbursement of the cost of the myoelectric prosthesis, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff Wylie Sittman is, and was at all times relevant, a resident of Chelan County, Washington.

3. Plaintiff was at all relevant times a covered participant under the Defendant The Vail Corporation dba Vail Associates Inc. Medical Program Group Benefit Plan (the "Plan"), an employee welfare benefit plan regulated by ERISA and pursuant to which Plaintiff was and is entitled to health benefits.

4. The health benefits under the Plan were funded by employee and employer contributions.

5. Plaintiff is informed and believes that the Plan has its principal place of business in the State of Washington, is authorized to transact and is transacting business in this judicial district, the Eastern District of Washington, and can be found in the Eastern District of Washington.

6. Plaintiff is informed and believes that UMR provided administrative services for the Plan and acted on behalf of the Plan in administering Plaintiff's benefits.

7. Plaintiff lives in this district, the Plan can be found in this district, and the claims at issue herein were specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

**FIRST CLAIM FOR RELIEF**

**DENIAL OF PLAN BENEFITS**

8. On January 6, 2022, Mr. Sittman suffered a blast injury to his right hand. He underwent right transradial amputation with primary closure of 9.5 inches.

9. In March 2022, Mr. Sittman underwent a prosthesis evaluation at Hanger Clinic, specializing in prosthetics and orthotics, with Dr. Amy Unwin, Neuro Rehab Physiatrist. Dr.

Unwin recommended a myoelectric prosthesis for Mr. Sittman. Dr. Unwin determined that Mr. Sittman's activities of daily living ("ADLs"), including cooking, cleaning, self-care, dressing, eating, yardwork, and home maintenance, were all difficult and impacted without a prosthesis. Specifically, Mr. Sittman had difficult cooking, cleaning, and self-care as he could not cut his own meat or open jars safely without dropping them. He could not button his pants or tie his shoes.

10. Dr. Unwin explained that a body powered prosthesis would not be sufficient for Mr. Sittman's needs. The myoelectric prosthesis would increase the range of motion due to elimination of the harness; increase number of grasps; increase fine motor control and manual dexterity; increase gains in functional capacity and quality of life; and reduce overuse on the sound limb.

11. Evaluation by A.J. Westford, Prosthetist/Upper Limb Specialist at Hanger Clinic found that a "body powered prosthesis is contraindicated for the patient due to the grip strength needed to return to his daily ADLs, in the community and at work. A basic myoelectric hand is not sufficient to meet his needs as he requires multiple grasps for eating, cooking, dressing, home maintenance and hobbies. The lateral pinch is vital for him when working with various tools and items and this is only available in the multiarticulating hand design. The taska hand will allow him to safely and securely grasp all objects."

12. On June 2, 2022, Hanger Clinic requested authorization for benefits from UMR for the myoelectric prosthesis for Mr. Sittman. The request included clinical documentation, physician order, codes and prices. The total billed amount was $102,613.00.

13. On June 10, 2022, UMR denied the request as not a covered benefit. UMR wrote: "We do not see any documentation as to why a body powered device would not be sufficient for accomplishing your ADLs." UMR did not address the medical documentation supporting the request and explaining the need for the myoelectric prosthesis for Mr. Sittman's ADLs.

14. On June 20, 2022, Mr. Sittman submitted a written appeal by USPS certified mail. He cited the health plan which provides for prosthetic devices without exceptions. He also wrote that none of the health plan's exclusions apply to the request.

15. On July 6, 2022, UMR denied the appeal. UMR wrote that Mr. Sittman needs an artificial wrist and hand and that the health plan covers an artificial wrist and hand that "meets your basic needs." UMR claimed that the request does not meet "health plan medical criteria." The letter did not specific the "health plan medical criteria."

16. On July 13, 2022, Mr. Sittman wrote to UMR by USPS certified mail stating that he did not understand the reasons for the denial of his claim. He requested that UMR send the insurance policy, all documents about the health plan, any internal rules or guidelines, protocols, and any other relevant information to the denial, as soon as possible.

17. Mr. Sittman did not receive a response to his July 13, 2022 letter.

18. On August 24, 2022, Mr. Sittman submitted a written second level appeal by USPS certified mail to both UMR and the Plan Administrator. Mr. Sittman again requested all plan documents, internal rules or guidelines, and other relevant information to the denial. Mr. Sittman wrote: "To date, I have received NO response from UMR regarding this request of documentation. This has made it impossible for me or my representatives to review the decision-making process I am entitled to making it unavailable to prepare an informed response to the denial. This stonewalling has now consumed 5 weeks of the 60-day allotment of time [for the second level appeal deadline]. I am again requesting all this information."

19. Mr. Sittman did not receive a response to his August 24, 2022 letter.

20. On September 9, 2022, Mr. Sittman wrote to the Plan Administrator by USPS certified mail requesting the plan documents, all documents about his health plan, any internal rules or guidelines or relevant information regarding the denial of his claim. He requested the information be sent as soon as possible.

21. Mr. Sittman did not receive a response to his September 9, 2022 letter.

COMPLAINT
Case No.:

Kantor & Kantor, LLP
19839 Nordhoff Street, Northridge, CA 91324
(818) 886-2525

22. On September 28, 2022, Mr. Sittman wrote to the Plan Administrator by USPS certified mail and resent his August 24, 2022 and September 8, 2022 letters by both first-class mail and express mail.

23. On October 11, 2022, Mr. Sittman received an e-mail from Vail Benefits providing the Summary Plan Description. Vail Benefits did not provide all plan documents or any plan guidelines or criteria.

24. On October 13, 2022, Mr. Sittman wrote to the Plan Administrator by USPS certified mail. Mr. Sittman wrote that the Plan did not provide all documents related to the denial and did not provide any support for the reasons stated in the denial letter. Mr. Sittman wrote:

> Again, please send the PLAN DOCUMENT and ALL the documents about my employer's health plan, any internal rules or guidelines, protocols, memos, and any other relevant information to the denial of my claim. Additionally, please send all evidence relevant to the denial of my claim. UMR and Vail have claimed "only minimally medically appropriate prosthetics will be covered." Where in the policy is that statement? I need to see this part of the policy, in writing, and have a right to this and all other information. Note that UMR provided a copy of the UHC Durable Medical Equipment Guidelines and there is no mention of prosthetics. Please provide copies of all policy guidelines discussing coverage for prosthetics.

25. Mr. Sittman did not receive a response to his October 13, 2022 letter.

26. As a result of the above actions, and others, Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

    (a) Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

5

COMPLAINT
Case No.:

Kantor & Kantor, LLP
19839 Nordhoff Street, Northridge, CA 91324
(818) 886-2525

      (b)    Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for medical benefits;

      (c)    After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims along with an explanation of why such material is or was necessary;

      (d)    Failure to properly and adequately investigate the merits of the claims; and

      (e)    Inconsistent application of Plan provisions.

27.    Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

28.    Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on his part to be performed.

29.    As a proximate result of the denial of medical benefits, Plaintiff has been damaged by the failure to receive medically necessary medical services.

30.    As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

31.    Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce his rights under the terms of the Plan.

## SECOND CLAIM FOR RELIEF

## FOR RELIEF FOR STATUTORY PENALTIES

32. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

33. Pursuant to the requirements of 29 U.S.C. § 1021, the Plan Administrator for The Vail Corporation dba Vail Associates Inc. Medical Program Group Benefit Plan was required to provide to Plaintiff, upon Plaintiff's written request, a copy of the latest updated summary plan description and other documents under which the plan is established or operated within 30 days of the request.

34. Pursuant to 20 U.S.C. § 1132(c)(3), failure to comply with a demand for such documents subjects the plan administrator to a penalty of $100.00 per day. The penalty was modified by 29 C. F. R. § 2575.502c–1 to increase the amount of the penalty to $110.00 per day.

35. On August 24, September 9, September 28, and October 13, 2022, Plaintiff submitted a request to the Plan for all ERISA plan documents, guidelines, and criteria by USPS certified mail.

36. Plaintiff did not receive the requested documents.

37. Pursuant to 29 U.S.C. § 1132(c)(1), the Plan Administrator was required to provide the requested documents within 30 days after the request was made.

38. The Plan Administrator failed to provide documents it was obligated to provide pursuant to 20 U.S.C. § 1132(c)(3) and 29 U.S.C. section 1021.

39. Plaintiff requests the Court assess statutory penalties against Defendant as of September 23, 2022, the last date by which said documents should have been provided to Plaintiff, in the amount of $110 per day.

COMPLAINT
Case No.:

Kantor & Kantor, LLP
19839 Nordhoff Street, Northridge, CA 91324
(818) 886-2525

## THIRD CLAIM FOR RELIEF

## EQUITABLE RELIEF

40. Plaintiff refers to every preceding paragraph as though set forth in full in this claim for relief.

41. As a direct and proximate result of the failure of Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) A mandatory injunction requiring Defendant to immediately qualify Plaintiff for the requested health benefits due and owing under the Plan; and

(c) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff as participant under the Plan.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for:

1. Approval of benefits for the myoelectric prosthesis or reimbursement of the cost of the myoelectric prosthesis due to Plaintiff under the Plan;

2. A mandatory injunction requiring Defendant to approve Plaintiff for health benefits due and owing under the Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5. For such other and further relief as the Court deems just and proper.

1 | DATED this 18th day of November, 2022.          KANTOR & KANTOR LLP

By:   */s/ Stacy Monahan Tucker*
Stacy Monahan Tucker
WSBA 43449
Attorneys for Plaintiff
WYLIE SITTMAN
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
E-mail: stucker@kantorlaw.net
Telephone: (818) 886-2525
Facsimile: (818) 350-6272